# United States District Court
### for the
# Eastern District of New York

| |
|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated, <br><br> *Plaintiff*, <br><br> -against- <br><br> LIFEWATCH INC. and LIFEWATCH SECURITY INC., each doing business as Lifewatch-USA, and SAFE HOME SECURITY, INC., <br><br> *Defendants*. |

## CLASS-ACTION COMPLAINT

### INTRODUCTION

1.      This action arises out of telephone calls, made by, on behalf of, or with the authorization of Safe Home Security, Inc., Lifewatch Inc., and Lifewatch Security Inc. The telephone calls were made by the use of automatic equipment that incorporates a storage capability of telephone numbers to be called and is used, working alone or in conjunction with other equipment, to randomly, or sequentially, disseminate a prerecorded message to the telephone number called without the use of an operator (the "Automated Calls").

2.      The legal claims arise under a federal statute and a New York statute: the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA"), and New York General Business Law ("GBL") Section 399-p.

3.      Plaintiff brings this action individually and as a class action on behalf of all persons to whose residential or cellular telephone number one or more telephone calls, described in paragraph "1" and further described below, were placed (the "Federal Class") during the period

1

beginning four years prior to the commencement of this action until the date of said commencement (the "Federal Class Period").

4. Plaintiff also brings this action individually and as a class action on behalf of all persons who received one or more telephone calls, described in paragraph "1" and further described below, on a New York telephone number, that is, a telephone number having an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929 (the "New York Class"), during the period beginning three years prior to the commencement of this action until the date of said commencement (the "New York Class Period").

5. Plaintiff seeks, individually and on behalf of the other Federal Class Members and New York Class Members, statutory damages, injunctive relief, legal fees, and costs.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's federal-law claims under 28 U.S.C. Section 1331, and has jurisdiction over Plaintiff's state-law claims under 28 U.S.C. Sections 1332(d)(2)(A) and 1367(a).

7. The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2).

## PARTIES

9. Plaintiff, Todd C. Bank ("Bank"), and was and is, at all relevant times herein, a

10. Defendant Lifewatch Inc. ("Lifewatch"), doing business as Lifewatch-USA, is a corporation organized and existing under the laws of New York, and has a principal place of business at 266 Merrick Road, Suite 104, Lynbrook, New York 11563.

11. Defendant Lifewatch Security Inc. ("Lifewatch Security"), doing business as Lifewatch-USA, is a corporation organized and existing under the laws of New York, and has a

principal place of business at 266 Merrick Road, Suite 104, Lynbrook, New York  11563.

12. Defendant Safe Home Security, Inc. ("Safe Home Security"), is a corporation organized and existing under the laws of Connecticut, and has a principal place of business at 55 Sebethe Drive, Suite 201, Cromwell, Connecticut  06416.

## APPLICABLE LAW

**A.  Regulation of Certain Calls to Residential and Cellular Telephone Numbers**

**(i)  Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA")**

13. With respect to residential telephone lines, the TCPA states that it is "unlawful . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B).

14. With respect to telephone numbers assigned to a cellular telephone service, the TCPA makes it "unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

15. Recipients of calls that are made in violation of 47 U.S.C. Section 227(b)(1) may bring an action to recover, for each violation, the greater of the monetary loss caused by the violation or $500. *See* 47 U.S.C. Section 227(b)(3). If the court finds that a defendant willfully or knowingly violated Section 227(b), the court may increase the award by up to $1,000 per violation. *See id.*

### (ii) Liability of Entities That Do Not Directly Place Illegal Calls

16. As explained by the Federal Communications Commission ("FCC"), the TCPA and its regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Mem. and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995); *see also Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, Declaratory Ruling, 20 FCC Rcd. 13664, 13667, ¶ 7 (2005) ("a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules, and calls placed by a third party on behalf of that company are treated as if the company itself placed the call."); *In re Joint Pet. Filed by Dish Network*, 28 FCC Rcd. 6574 (2013) (with respect to violations of Section 227(b), a seller can be vicariously liable for unlawful calls placed by third parties). *Accord*, *Savanna Group., Inc. v. Trynex, Inc.*, No. 10-cv-7995, 2013 WL 4734004, at *5 (N.D. Ill. Sept. 3, 2013); *Mey v. Monitronics Int'l, Inc.*, 5:11-cv-90, 2013 WL 4105430, at *4-*5 (N.D. W. Va. Aug. 14, 2013); *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084-1085 (C.D. Cal. 2012).

**B.      New York General Business Law Section 399-p**

17. New York General Business Law Section 399-p(3)(a) states that, "[w]henever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law."

18. Persons whose rights under Section 399-p are violated are entitled, pursuant to New

York General Business Law Section 399-p(9), to the greater of actual damages or $50 per violation, injunctive relief, and reasonable legal fees; and, in the event that a violation was committed willfully or knowingly, three times their actual damages, in a total amount of up to $1,000.

## FACTS

19. On or about February 20, 2015, Bank received, on his residential telephone number, a telephone call whose Caller ID was "West Plains, MO, 417-204-5238 ("Bank's Telephone Call").

20. Upon answering the telephone described in the preceding paragraph, Bank heard a prerecorded voice stating that Bank was entitled to a receive a free medical-emergency alert system. The prerecorded voice stated that Bank should press a certain key on his telephone keypad for more information or a different key in order to be "removed."

21. Upon being given the two options described in the preceding paragraph, Bank chose the first of the described options, upon which he was transferred to a live person (the "live person").

22. The live person claimed to be employed by a company called Endless Med Alert.

23. The live person transferred Bank to a second live person (the "second live person").

24. The second live person told Bank that the party that had made the call, or on whose behalf the call had been made, had, as its headquarters address, 55 Sebethe Drive, Cromwell, Connecticut.

25. The address of 55 Sebethe Drive, Cromwell, Connecticut, is the principal place of business of Safe Home Security.

26. The second live person told Bank that the call had been made by, or on behalf of, LifeWatch-USA and that LifeWatchUSA's website is lifewatch-usa.com.

27. Lifewatch and Lifewatch Security do business as LifeWatch-USA.

28. Safe Home Security owns Lifewatch and Lifewatch Security.

29. Safe Home Security, along with Lifewatch and Lifewatch Security, jointly provide

5

services with respect to the medical-emergency alert system that Bank's Telephone Call advertised.

30. Upon information and belief, Bank had received numerous additional telephone calls that were made by, or on behalf of, Defendants in which a prerecorded message was played that was materially or literally identical to the prerecorded message that was played during Bank's Telephone Call.

31. Bank's Telephone Call was made with automatic equipment that incorporates a storage capability of telephone numbers to be called and is used, working alone or in conjunction with other equipment, to randomly, or sequentially, disseminate a prerecorded message to the telephone number called without the use of an operator.

32. Bank's Telephone Call did not state, at the beginning of the call, the name of the person or on whose behalf the message was being transmitted.

33. Bank's Telephone Call did not state, at the end of such message, the address and telephone number of the person on whose behalf the message was transmitted.

34. Prior to receiving Bank's Telephone Call and any additional calls that he received, Bank had not given prior express written consent for anyone to make Bank's Telephone Call.

35. Bank's Telephone Call was among of thousands of telephone that were materially or literally identical to Bank's Telephone Call both in method and in substance.

36. Each of the telephone calls made, since October 16, 2013, to telephone numbers other than that which belonged to Bank was made without prior express written consent.

37. Each of the telephone calls made prior to October 16, 2013, to telephone numbers other than that which belonged to Bank was made without prior express invitation or permission.

## FIRST CAUSE OF ACTION

38. Plaintiff repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "37" inclusive of this Complaint as if fully set forth herein.

6

39. The placement of the telephone calls described herein violated 47 U.S.C. Section 227(b)(1).

40. Bank and Members of the Federal Class are entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. Sections 227(b)(3)(B).

41. In the event that Safe Home Security, Lifewatch, and Lifewatch Security willfully or knowingly violated 47 U.S.C. Section 227(b)(1), Bank and the other members of the Federal Class are entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. Sections 227(b)(3)(C).

42. Bank and the other Members of the Federal Class are entitled to an Order, pursuant to 47 U.S.C. Section 227(b)(3)(A), enjoining Safe Home Security, Lifewatch, and Lifewatch Security from violating 47 U.S.C. Section 227(b)(1).

## SECOND CAUSE OF ACTION

43. Bank repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "37" inclusive of this Complaint as if fully set forth herein.

44. The placement of the telephone calls described herein violated New York General Business Law Section 399-p(3)(a).

45. Bank and the other Members of the New York Class are entitled to statutory damages of $50 pursuant to New York General Business Law Section 399-p(9).

47. Bank and the other Members of the New York Class are entitled to an Order, pursuant to New York General Business Law Section 399-p(9), enjoining Safe Home Security, Lifewatch, and Lifewatch Security from violating New York General Business Law Section 399-p(3)(a)

48. Bank and the other Members of the New York Class are entitled to reasonable legal fees pursuant to New York General Business Law Section 399-p(9).

7

## CLASS ALLEGATIONS

49. Bank brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons to whose residential or cellular telephone number Safe Home Security, Lifewatch, and Lifewatch Security, or third parties acting with the authorization of Safe Home Security, Lifewatch, and Lifewatch Security, placed one or more Automated Calls (the "Federal Class"), during the period beginning four years prior to the commencement of this action until the date of said commencement (the "Federal Class Period").

50. Bank also brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons who received an Automated Call on a New York telephone number (a telephone number having an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929 (the "New York Class"), during the period beginning three years prior to the commencement of this action until the date on which this action is commenced (the "New York Class Period").

51. Bank believes that there are thousands of individuals whose claims are similar to Bank's claims, and, furthermore, that Bank's claims are typical of the claims of absent Class Members. Members of each Class have sustained damages arising out of Safe Home Security, Lifewatch, and Lifewatch Security's wrongful conduct in the same manner in which Bank has sustained damages arising out of Safe Home Security, Lifewatch, and Lifewatch Security's unlawful conduct.

52. Bank will fairly and adequately protect the interests of each Class. Bank has no interests that are antagonistic to, or in conflict with, the Members of the Classes. Indeed, Bank's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

53. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because each of the Classes are so numerous that joinder of all

8

Members is impracticable, and because the damages suffered by most of the individual Members of the Classes are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Classes to adequately address the wrongs complained of herein. Bank knows of no impediments to the effective management of this action as a class action.

54. Common questions of law and fact predominate over questions that affect only individual Federal Class Members. Among those questions are:

>  (i) whether Safe Home Security, Lifewatch, and Lifewatch Security, or third parties acting with the authorization of Safe Home Security, Lifewatch, and Lifewatch Security, placed telephone calls using an artificial or prerecorded voice that delivered a message to residential or cellular telephone lines;
>
>  (ii) whether the telephone calls at issue violated Section 227(b)(1) of the TCPA;
>
>  (iii) whether Safe Home Security, Lifewatch, and Lifewatch Security willfully or knowingly violated Section 227(b)(1) of the TCPA;
>
>  (iv) whether the Members of the Federal Class are entitled to damages as a result of Safe Home Security, Lifewatch, and Lifewatch Security's violations of Section 227(b)(1) of the TCPA, and, if so, how much; and
>
>  (v) whether the Members of the Federal Class are entitled to injunctive relief as a result of Safe Home Security, Lifewatch, and Lifewatch Security's violations of Section 227(b)(1) of the TCPA.

55. Common questions of law and fact predominate over questions that affect only individual New York Class Members. Among those questions are:

>  (i) whether Safe Home Security, Lifewatch, and Lifewatch Security, or third parties acting with the authorization of Safe Home Security, Lifewatch, and Lifewatch Security, placed telephone calls with automatic equipment that incorporates a storage capability of telephone numbers to be called and is used, working alone or in conjunction with other equipment,

            to randomly, or sequentially, disseminate a prerecorded message to the telephone number called without the use of an operator;

(ii)    whether Safe Home Security, Lifewatch, and Lifewatch Security violated Section 399-p(3)(a) of the New York General Business Law;

(iii)    whether the Members of the New York Class are entitled to damages as a result of Safe Home Security, Lifewatch, and Lifewatch Security's violations of Section 399-p(3)(a) of the New York General Business Law;

(iv)    whether the Members of the New York Class are entitled to injunctive relief as a result of Safe Home Security, Lifewatch, and Lifewatch Security's violations of Section 399-p(3)(a) of the New York General Business Law; and

(v)    whether the Members of the New York Class are entitled to reasonable legal fees as a result of Safe Home Security, Lifewatch, and Lifewatch Security's violations of Section 399-p(3)(a) of the New York General Business Law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a)    Pursuant to 47 U.S.C. Section 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. Section 227(b)(1) for Plaintiff and the other Members of the Federal Class;

(b)    Pursuant to 47 U.S.C. Section 227(b)(3)(C), up to $1,000 of statutory damages for Plaintiff and the other Members of the Federal Class, in addition to the statutory damages prayed for in the aforementioned paragraph, if the Court finds that Defendants' violations were made knowingly or willfully;

(c)    Pursuant to 47 U.S.C. Section 227(b)(3)(A), an order enjoining Defendants from violating 47 U.S.C. Section 227(b)(1);

(d)    Pursuant to New York General Business Law Section 399-p(9), damages of $50 per violation of New York General Business Law Section 399-p(3)(a) for Plaintiff and the other

Members of the New York Class;

(e) Pursuant to New York General Business Law Section 399-p(9), an order enjoining Defendants from violating New York General Business Law Section 399-p(3)(a); and

(f) An award, to Plaintiff and the other Members of each Class, of the costs and disbursements of this action, and reasonable legal fees, and such other and further relief as this Court deems just and proper.

Dated: April 22, 2015

                                                     Respectfully submitted,

                                                       s/ *Todd C. Bank*
                                                     TODD C. BANK, ATTORNEY AT LAW, P.C.
                                                     Todd C. Bank (TB-6825)
                                                     119-40 Union Turnpike
                                                     Fourth Floor
                                                     Kew Gardens, New York 11415
                                                     (718) 520-7125

                                                     *Counsel to Plaintiff*