**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

―――――――――――――――――――――― x
TODD C. BANK., Individually and on behalf of all :
others similarly situated, :
 :
 : Case No. 15-CV-02278
 :
        Plaintiff, :
v. :
 :
 :
LIFEWATCH, INC., LIFEWATCH SECURITY, :
INC., each doing business as LIFEWATCH-USA, : **LIFEWATCH'S REPLY MEMORANDUM**
and SAFE HOME SECURITY, INC. : **OF LAW IN FURTHER SUPPORT OF ITS**
 : **MOTION TO DISMISS**
        Defendants. :
 :
 :
―――――――――――――――――――――― x

 

**THE SULTZER LAW GROUP, P.C**.
*Attorneys for Defendants*
*LIFEWATCH INC., and LIFEWATCH*
*SECURITY INC*.
77 Water Street, 8th Floor
New York, New York 10005
(646) 722-4266
(888) 749-7747

Defendants Lifewatch, Inc. and Lifewatch Security, Inc. (collectively "Lifewatch") submit this reply brief in further support of their motion for an order pursuant to FRCP R. 12(f), FRCP R. 12 (b) (6), and FRCP R. 23 (d) (1) (D) striking and dismissing Plaintiff's class allegations.

**LEGAL ARGUMENT**

The inherent conflict of interest associated with Mr. Bank serving as counsel and lead plaintiff necessarily means that certification is not possible in this case and thus all class allegations must be stricken and dismissed under FRCP 12(f), FRCP 12(b) (6), and FRCP R. 23 (d) (1) (D).

Lifewatch respectfully asserts that this court can and should hold that when a *pro se* plaintiff files a complaint with class allegations and a prayer for attorney's fees, the complaint is necessarily defective and class allegations must be stricken and dismissed. See, *Ferentinos v. Kissimmee Util. Auth.*, 2014 U.S. Dist. LEXIS 90170, *8 (M.D. Fla. Apr. 8, 2014) (Report and Recommendation of Magistrate Adopted as set forth in *Ferentinos v. Kissimmee Util. Auth.*, 2014 U.S. Dist. LEXIS 90171 (M.D. Fla. July 2, 2014)) (dismissing the amended complaint and explaining: "on its face, the Complaint presented numerous defects. In addition to being prolix, the pleading included third party defendants and *pro se* plaintiffs sought to prosecute a class action.").

In his opposition papers, Plaintiff does not even attempt to distinguish *Jaffe v. Capital One Bank Servs.*, 2010 U.S. Dist. LEXIS 18117 (S.D.N.Y. Mar. 1, 2010), which held that "a pro se plaintiff may not bring an action in which he will serve as both class representative and class counsel." Nor does Plaintiff bother to address *Kramer v. Scientific Control Corp.*, 534 F.2d 1085 (3d Cir. 1976), *Turoff v May Co.*, 531 F. 2D 1357 (6th Cir. 1976), or *Lowenschuss v. Bluhdorn*,

1

78 F.R.D. 675 (S.D.N.Y. 1978). Each of these cases supports Lifewatch's argument that plaintiff's class allegations should be dismissed.

And, despite Plaintiff's contrary assertions, Defendant's reliance on 2nd Circuit authority is not "misplaced." These cases show that a *pro se* class representative cannot adequately represent the interests of other class members and that a *pro se* class representative does not have standing to do so.

Defendants readily acknowledge that Mr. Bank does have standing and can proceed *pro se* relative to his *individual* TCPA claim, which according to *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 181 L. Ed. 2d 881 (U.S. 2012), confers federal jurisdiction. But, rather than allowing Mr. Bank to prosecute a case -- with class allegations -- that directly impacts absent class members' rights, and rather than forcing defendants to litigate a class action case in which class certification is presently impossible, the court should dismiss the class allegations without prejudice and allow Mr. Bank the opportunity to retain counsel and then amend the complaint. Class allegations drastically alter the scope, breadth, and attendant costs of discovery for a defendant. See, *Boeynaems v. La Fitness Int'l,* 285 F.R.D. 331 (E.D. Pa. 2012) ("Since Plaintiffs have authorized their counsel to seek a class action, the scope of discovery from Defendant is greatly enlarged. "…a class action, if allowed by the Court, dramatically increases the economic pressure on the defendant.")   It would, therefore, be inequitable to force Lifewatch to defend against a class action and incur dramatically increased discovery costs simply because Mr. Bank -- who is a professional *pro se* class action plaintiff -- might theoretically hire an attorney before moving for class certification sometime within the next 9 months.

**CONCLUSION**

For the reasons set forth above and in the moving papers, Lifewatch respectfully requests that, pursuant to FRCP 12(f), FRCP 12(b) (6), and FRCP R. 23 (d) (1) (D), the court strike and dismiss the class allegations.

Dated: August 14, 2015

                                                Respectfully Submitted,

                                                Joseph Lipari /s/

                                                Joseph Lipari
                                                THE SULTZER LAW GROUP, P.C.
                                                Attorneys for Defendants
                                                LIFEWATCH INC. and
                                                LIFEWATCH SECURITY INC.
                                                77 Water St.
                                                New York, New York 10005
                                                (646) 722-4266
                                                (888) 749-7747