**Record of Conference and Orders: Vera M. Scanlon, USMJ**  Date: 1/22/2016

Case: Bank v. Lifewatch

Civ. A. 15-2278 JG(VMS)

ECF Recording in 504N:   ☒ Telephone Conference   ☐ In-person Conference

11:08 – 11:16

**Counsel:** *(See separately docket entry or document for specific appearances)*

No appearance by π

☐ Counsel for Plaintiff(s) ☐ Pro Se Plaintiff(s) ☒ Counsel for Defendant(s) ☐ Pro Se Defendant(s)

**Conference Type:**

☐ Initial Conference ☐ Status Conference ☐ Settlement Conference ☒ Motion Hearing ☐ Discovery Conference ☐
☐ JPTO Conference ☐ Other _____

**Further to the conference, discovery and other scheduling dates are as follows:**
*(If dates previously set by the Court are not reset, they remain as stated in the previous order.)*

☒ Motions decided on the record — [30] is denied in part / is moot in part as noted below

☐ Rule 26(a) disclosures, incl. supplements

☐ Document requests to be served

☐ Interrogatories to be served

☐ Amended pleadings, incl. joinder    ☐ To be served    ☐ To be filed
  ☐ Complaint ☐ Answer    ☐ On consent ☐ By motion ☐ By PMC letter

☒ Joint status letter ☐ Stip of dismissal to be filed — 1/29/16 to confirm Baker dep.

☒ Status conference    Date: 2/9/16   Time: 4:00 pm
  ☐ In person ☒ Telephone (718) 613-2300   To be organized by: D. Lifewatch

☐ Specific depositions to be held

☐ Fact discovery closes

☐ Expert disclosures to be served

☐ Initial expert report(s) to be served

☐ Rebuttal expert report(s) to be served

☐ Expert discovery closes

☐ All discovery closes

☐ Joint letter confirming discovery is concluded

☐ Summary judgment to be initiated    ☐ PMC letter ☐ Briefing

☐ Joint pre-trial order to be filed    ☐ Letter for conference ☐ Proposed JPTO

☐ Proposed confidentiality order to be filed

☐ Consent to Magistrate Judge to be filed

☐ Settlement Conference    Date:    Time:

* Counsel & π must be prepared to discuss a final discovery schedule

Page 1 of 3

Vera M. Scanlon, USMJ
Conference Orders, Continued

Case: Bank v. Lifewatch        Civ. A. 15-2278

Date: 1/22/2016

**Additional Orders:**

π failed to participate in the telephone conference. During the call, DLifewatch's counsel confirmed that it had responded to Requests/Interrogatories #4, 5, 6 and 9 (see footnote 2 of 1/4/16 letter) and had no responses to Request/Interrogatory #7, which it will confirm in writing. Thus, the motion as to these Requests/interrogatories is moot. As to Interrogatory/Request #8, the motion is denied as the interrogatory/Request is ambiguous as to what π means by "the basis of payments". As π has now twice tried to explore the issue with inadequate Requests/interrogatories, π may not issue a third set on this issue but must use a deposition to explore the subject matter if discovery is sought. As to Request/Interrogatory #10, it suffers the same defect, so the motion is denied and no further Request/interrogatory on the issue is permitted. As to Request/Interrogatory #11, a reference and production of the documents (purchase agreement

Page 2 of 3

Case: Banks v. Fewstch  Civ. A. 15-2278

Date: 1/22/2016

**Additional Orders:**

is a sufficient response. D is not required to expound in writing on a description of goods/services already described in the purchase agreements, as the documents speak for themselves. As to π's theory that D knew its providers used robo-calls and tacitly approved of them, π must use other discovery devices to explore it. As to Request/Interrogatory #12, as the Response to #11 is proper, as are the other responses, D need not further respond to #12.

As to Interrogatory #2, D already informed π that Sarai Barker had organized the effort to respond to discovery. Per the Court's 11/17/15 Order, the Barker deposition was to have been scheduled. If π wishes to take the Barker deposition it must be scheduled expeditiously and confirmed by a letter to the Court by 1/29/16.

Page 3 of 3