UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated,<br><br>          *Plaintiff*,<br><br>-against-<br><br>LIFEWATCH INC. and LIFEWATCH SECURITY INC., each doing business as Lifewatch-USA, and SAFE HOME SECURITY, INC.,<br><br>          *Defendants*. | 1:15-cv-02278-CBA-VMS<br><br>**Proposed Pre-Trial Order** |

**i. Parties and Counsel**

| | |
|---|---|
| TODD C. BANK<br>  ATTORNEY AT LAW, P.C.<br>119-40 Union Turnpike, Fourth Floor<br>Kew Gardens, New York  11415<br>(718) 520-7125<br><br>*Counsel to Plaintiff* | THE SULTZER LAW GROUP, P.C.<br>Joseph Lipari<br>14 Water St., 20th Floor<br>New York, New York 10005<br>(212) 618-1938<br><br>*Counsel to Defendants Lifewatch Inc. and Lifewatch Security Inc.* |

**ii. Jurisdiction**

**Plaintiff and Defendant:** This Court has (a) federal-question jurisdiction under 28 U.S.C. Section 1331 over Plaintiff's federal-law claims, which arise under the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA") under 28 U.S.C. Section 1331; and (b) supplemental jurisdiction under 28 U.S.C. Section 1367(a) over Plaintiff's state-law claims, which arise under New York General Business Law ("GBL") Section 399-p.

**iii. Claims and Defenses**

**Plaintiff:**
**Claims under Section 227(b)(1) of the TCPA:**
Four telephone calls were placed to Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, and to cellular telephones using an automatic telephone dialing system and an artificial or prerecorded voice to deliver a message without the prior express consent of the called party.

   The above-referenced calls were made by agents of Defendants Lifewatch Inc., and

Lifewatch Security Inc. (collectively, "Lifewatch"), with either Lifewatch's express authority, implied authority, apparent authority, or foreknowledge. In addition, Lifewatch attempted to obtain new customers while having been aware of the calls, and thus ratified the calls.

**Claims under GBL Section 399-p:**
Four telephone calls were placed to residential telephone lines using an automatic dialing-announcing device that: (a) did not state, at the beginning of the call, the nature of the call and the name of the person or on whose behalf the message was being transmitted; and (b) did not state, at the end of the message, the address or telephone number of the person on whose behalf the message was transmitted.

The Court denied summary judgment with respect to Lifewatch on the basis that "defendants have failed to prove based on undisputed facts that the telemarketers were not acting with apparent authority from Lifewatch." However, the Court did not express an opinion, nor had any reason to do so, with respect to other potential bases of liability. Thus, all such bases are triable.

A safe-harbor defense is available with respect only to Section 227(c) of the TCPA, whereas this action arises solely under Section 227(b).

**Defendants:**
1) Defendants cannot be held directly or vicariously liable for the allegedly offending telephone calls because Defendants did not initiate telemarketing calls and did not exercise sufficient control over the telemarketing methods, acts and/or practices to be liable for such conduct. Moreover, there was no principal/agent relationship between Lifewatch and any of the non-parties alleged to have called plaintiff. In re Joint Petition filed by Dish Network, LLC, 28F.C.C.R. 6574, 6582 (2013); Jenkins v. Nat'l Grid USA, No. 15-CV-1219(JS)(GRB), 2016U.S. Dist. LEXIS 46095 (E.D.N.Y. Mar. 31, 2016).

2) Defendants did not act with any willfulness, knowledge, or malice toward Plaintiff. Thus, under 47 USCS § 227, damages, if any, cannot be trebled.

3) Plaintiff's claims are barred in view of the safe harbor provisions of 47 USCS § 227, i.e., that it shall be an affirmative defense that the defendants established and implemented, with due care, reasonable practices and procedures to effectively prevent violative telephone solicitations.

4) Plaintiff alleges that Defendants violated GBL §399-p(3)(a), which provides:

> Whenever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted ,provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law.

Under the statute, "automatic dialing announcing device" is defined as: "any automatic equipment

which incorporates a storage capability of telephone numbers to be called and is used, working alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone number called without the use of an operator." Defendants deny the use of an automatic dialing announcing device being used in connection with the calls at issue.

5) Defendants reserve the right to assert any available statutory defenses under 47 USCS § 227or GBL §399.

### iv. Damages

**Plaintiff:** Bank us entitled to: (a) pursuant to 47 U.S.C. Section 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. Section 227(b)(1); (b) pursuant to 47 U.S.C. Section 227(b)(3)(C), up to $1,000 of statutory damages per violation of 47 U.S.C. Section 227(b)(1) if the Court finds that Defendants knowingly or willfully violated that provision; and (c) pursuant to 47 U.S.C. Section 227(b)(3)(A), an order enjoining Defendants from violating 47 U.S.C. Section 227(b)(1);

Bank is entitled to: (a) pursuant to GBL Section 399-p(9), statutory damages of $50 per violation pursuant to GBL Section 399-p-3(a); and (b) pursuant to GBL Section 399-p(9), an order enjoining Defendants from violating New York General Business Law Section 399-p(3)(a).

Based upon the foregoing, the maximum potential damages is $1,550 per telephone call.

**Defendants:**
Defendants assert that plaintiff cannot demonstrate entitlement to any damages.

### v. Jury or Bench Trial

Defendant has requested a trial by jury.

### vi. Consent to Trial by a Magistrate Judge

Not all of the parties have consented to trial of the case by a magistrate judge.

### vii. Stipulations

Plaintiff asserts that no stipulations or statements of fact or law have been agreed to by all parties. Defendants assert that pursuant to FRCP 56(e)(4), the court should issue an order reflecting that the unrefuted statements of fact asserted by defendants in connection with the FRCP 56 motion should be deemed admitted for purposes of trial.

viii.  **Witnesses**

**Plaintiff:**
Todd C. Bank, Plaintiff.

Evan Sirlin, principal of Defendants Lifewatch Inc., and Lifewatch Security Inc. (collectively, "Lifewatch"), is anticipated to testify regarding : (a) the number of relevant telephone calls that were made, how they were made, and to whom they were made, (b) whether there was consent to make the relevant telephone calls and, if so, any evidence of such consent; (c) whether Lifewatch knew and/or authorized the telephone calls to be made, and, if so, Lifewatch's knowledge of the factors described in sentences (a) and (b).

Sarai Baker, an employee of Lifewatch, is anticipated to testify regarding: (a) the number of relevant telephone calls that were made, how they were made, and to whom they were made, (b) whether there was consent to make the relevant telephone calls and, if so, any evidence of such consent; (c) whether Lifewatch knew and/or authorized the telephone calls to be made, and, if so, Lifewatch's knowledge of the factors described in sentences (a) and (b).

David G. Roman, a principal and/or employee of former Defendant Safe Home Security, Inc. ("Safe Home"), is anticipated to testify regarding: (a) the number of relevant telephone calls that were made, how they were made, and to whom they were made, (b) whether there was consent to make the relevant telephone calls and, if so, any evidence of such consent; (c) whether Safe Home knew and/or authorized the telephone calls to be made, and, if so, Safe Home's knowledge of the factors described in sentences (a) and (b).

**Defendants:**
Todd Bank - Mr . Bank is anticipated to testify regarding the telephone calls at issue.

Sarai Baker – Ms. Baker, director of operations for Lifewatch, is anticipated to testify regarding Lifewatch's relationship with its outside sales companies, Lifewatch's contracts with its outside sales companies, Lifewatch's business practices and operations, and Lifewatch's establishment and implementation of reasonable practices and procedures to effectively prevent violative telephone solicitations.

Evan Sirlin – president of Lifewatch, is anticipated to testify regarding Lifewatch's relationship with its outside sales companies, Lifewatch's contracts with its outside sales companies, Lifewatch's business practices and operations, and Lifewatch's establishment and implementation of reasonable practices and procedures to effectively prevent violative telephone solicitations.

ix. Exhibits

**Plaintiff:**

1. Relevant telephone records.
2. Entire deposition transcript of Sarai Baker.
3. LW 00001 - 01290
4. Response of Mayhem Innovations LLC to subpoena duces tecum

6. Defendants' Responses to Plaintiff's First Set of Interrogatories
7. Defendants' Responses to Plaintiff's First Set of Requests for Production
8. Defendants' Responses to Plaintiff's First Set of Requests for Admission
9. Defendants' Responses to Plaintiff's Second Set of Interrogatories
10. Defendants' Responses to Plaintiff's Second Set of Requests for Production
11. Defendants' Responses to Plaintiff's Third Set of Requests for Production

**Defendants:**

Defendants reserve the right to use or move to exclude any of the following:

1. Recordings of the telephone calls from July 21, 2015, September 3, 2015, and September 21, 2015.
2. Recordings of the three telephone calls that Plaintiff placed to Safe Home on April 2, 2015, and a fourth call on June 17, 2016.
3. Relevant telephone records.
4. Entire deposition transcript of Sarai Baker.
5. LW 00001 - 00434
6. Defendants' Responses to Plaintiff's First Set of Interrogatories
7. Defendants' Responses to Plaintiff's First Request for Production
8. Defendants' Responses to Plaintiff's First Set of Requests for Admission
9. Defendants' Supplemental Responses to Plaintiff's First Set of Interrogatories and Document Requests


Dated: November 14, 2017


  s/ *Todd C. Bank*                                               s/ *Joseph Lipari*
TODD C. BANK                                              THE SULTZER LAW GROUP, P.C.
 ATTORNEY AT LAW, P.C.                                    Joseph Lipari
119-40 Union Turnpike, Fourth Floor                       14 Water St., 20th Floor
Kew Gardens, New York 11415                               New York, New York 10005
(718) 520-7125                                            (212) 618-1938
By: Todd C. Bank

*Counsel to Plaintiff*                                    *Counsel to Defendants Lifewatch Inc.*
                                                          *and Lifewatch Security Inc.*


**SO-ORDERED**




_____
CAROL BAGLEY AMON
UNITED STATES DISTRICT JUDGE


Dated: _____