**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

——————————————————————— x

TODD C. BANK, Individually and on　　　　:
Behalf of All Others Similarly Situated,　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:　Case No. 1:15-cv-02278-CBA-VMS
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　Plaintiff,　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　-against-　　　　　　　　　　:　**MEMORANDUM OF LAW IN**
　　　　　　　　　　　　　　　　　　　:　**OPPOSITION TO MOTION FOR**
　　　　　　　　　　　　　　　　　　　:　**SANCTIONS**
LIFEWATCH, INC., and LIFEWATCH　　　:
SECURITY, INC., each doing business as　　:
LIFEWATCH-USA, and SAFE HOME　　　:
SECURITY, INC., and EVAN SIRLIN　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Defendants.　:

——————————————————————— x

**THE SULTZER LAW GROUP, P.C.**
14 Wall Street, 20th Floor
New York, NY 10005
(212) 618-1938
(888) 749-7747
*Counsel for Defendants*

**TABLE OF CONTENTS**

TABLE OF CONTENTS…………………………...…………………………………..I

TABLE OF AUTHORITIES………………………….................................................II – III

  I.   Introduction………………………………………………………..………1

  II.   Legal Arguments……………………………………………………………..3

        1.  Section 1927 is Inapplicable……………………………………...……….3

        2.  Plaintiff Cannot Demonstrate that Counsel's Zealous Advocacy on Behalf of a Client amounted to bad faith, meritlessness, and acting for an improper purpose to delay or multiply the litigation……………………………………........................5

          A.  "Many District Courts…"…………………………………………………...............6

          B.  Plaintiff's Phone Lines/Numbers…………………………………………...………………9

  III.   Conclusion……………………………………………….………………10

I

# TABLE OF AUTHORITIES

## Cases

*60 E. 80th St. Equities, Inc. v. Sapir (In re 60 E. 80th St. Equities)*,
    218 F.3d 109 (2nd Cir. 2000)……………………………………………………………4

*ARcare v. Qiagen N. Am. Holdings, Inc.,*
    2017 U.S. Dist. LEXIS 8344 (C.D. Cal. Jan. 19, 2017)……………………..……2, 7, 8

*Bank v Lifewatch*
    *15-cv-05708-CBA-VMS*……………………………………………………………...……5

*Bowler v. United States INS,*
    901 F. Supp. 597, 605 (SDNY 1995)……………………………………………..3, 4

*Eisemann v. Greene*,
    204 F.3d 393 (2d Cir. 2000)……………………………………….…………6

*Grand St. Realty, LLC v. McCord,*
    2005 U.S. Dist. LEXIS 45314, *24-25 (EDNY, Hon. Bagley Amon)………………....1

*Kostmayer Constr., LLC v. Port Pipe & Tube, Inc.,*
    2016 U.S. Dist. LEXIS 145947 (Western District of Louisiana, October 19, 2016)…..…8

*Mahoney v. Yamaha Motor Corp. U.S.A.*,
    290 F.R.D. 363, 369-370 (EDNY 2013)…………………………………………..4, 5, 6

*Oliveri v. Thompson*,
    803 F.2d 1265, 1273 (2nd Cir. 1986)………………………………………………2, 3

*Phelan v. Torres*,
    2005 U.S. Dist. LEXIS 43228, *59 (EDNY, Report and Recommendation)……………1

*Revson v. Cinque & Cinque,*
    221 F.3d 71 (2nd Cir. 2000)………………………………………………….……5

*Romero v. Dep't Stores Nat'l Bank*,
    199 F. Supp. 3d 1256 (S.D. Cal. August 5, 2016)………………………………..2, 6, 7, 8

*Sartin v. EKF Diagnostics, Inc.*,
    2016 U.S. Dist. LEXIS 86777 (Eastern District of Louisiana, July 5, 2016)………..…..8

*Schoenberg v. Shapolsky Publrs., Inc.*,
    971 F.2d 926 (2nd Cir. 1992)……………………………………………....………1

*Shafii v. British Airways, PLC,*
        83 F.3d 566 (2ⁿᵈ Cir. 1996)…………………....……………………………….……1

*Sierra Club v. U.S. Army Corps of Engineers,*
        776 F.2d 383, 390 (2d Cir. 1985)……………………………………………………6

*Stoops v. Wells Fargo Bank, N.A.,*
        No. 3:15-83, 2016 U.S. Dist. LEXIS 82380 (W.D. Pa. June 24, 2016)………2, 6, 8, 9, 10

*Supply Pro Sorbents, LLC v. RingCentral, Inc.,*
        2016 U.S. Dist. LEXIS 140033, *8-9
        (Northern District of California, October 7, 2016)……………………………………..8, 9

*Tel. Sci. Corp. v. Asset Recovery Solutions, LLC,*
        2016 U.S. Dist. LEXIS 104234 (Northern District of Illinois, August 8, 2016)…………9

*Unite Here v. Cintas Corp.,*
        500 F. Supp. 2d 332, 335 (SDNY 2007)………………………………………...……..3

*United States v. International Bhd. of Teamsters,*
        948 F.2d 1338 (2ⁿᵈ Cir. 1991)………………………………………………………..5

*Zemel v. CSC Holdings LLC,*
        2017 U.S. Dist. LEXIS 63398 (District of New Jersey, April 26, 2017)…………...……9

Statutes

28 U.S.C. § 1927…………………………………………………….…1, 2, 3, 4, 5, 6, 9

Fed. R. Civ. P. 11………………………………………………...…………………..3

FRCP R. 56(e)…………………………………………………….....…..10

FRCP Rule 11………………………………………………………………………..1

Rule 11(b)……………………………………………………...……………10

III

## I.     <u>Introduction</u>

In his moving papers, Plaintiff concedes FRCP Rule 11 is inapplicable and explains he is moving pursuant to 28 U.S.C. § 1927 ("Section 1927").  As an initial matter, Mr. Bank has no legal or factual support for his preposterous and defamatory statements that undersigned counsel acted in bad faith or made false and misleading representations within the context of a summary judgment motion that was granted in part and denied in part (or within the context of responding to plaintiff's pre-motion letter pertaining to an anticipated sanctions motion).  Moreover, Plaintiff cannot meet his burden under Section 1927, which requires that a movant make a "clear showing of bad faith on the part of an attorney," which may be inferred "only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay."  *Grand St. Realty, LLC v. McCord*, 2005 U.S. Dist. LEXIS 45314, *24-25 (EDNY, Hon. Bagley Amon), citing *Shafii v. British Airways, PLC*, 83 F.3d 566 (2nd Cir. 1996).  Nor is there any clear evidence that any actions were "so utterly without justification as to compel the conclusion that … actions were undertaken for an improper purpose." *Phelan v. Torres*, 2005 U.S. Dist. LEXIS 43228, *59 (EDNY, Report and Recommendation), citing *Schoenberg v. Shapolsky Publrs., Inc*., 971 F.2d 926 (2nd Cir. 1992).

Distilled to its essence, plaintiff's allegations appear to be: 1) counsel had no basis for using the word "many" within the context of a sentence about standing; and 2) counsel had an affirmative duty to mention -- within the context of the standing argument -- that one of plaintiff's telephone lines was apparently bundled.  A fair reading of the papers at issue reveals undersigned counsel was attempting to show -- by, *inter alia*, citing 17 cases initiated by plaintiff and by making reference to plaintiff's multiple phone lines -- that it is reasonable to infer that plaintiff is a "professional" TCPA *pro se* plaintiff.  And, a fair reading of the papers at issue also reveals that undersigned counsel was not asserting that "many courts" issued holdings that, as a

threshold matter, found plaintiffs to be "professional TCPA plaintiffs" and then specifically
barred those adjudged to be professional plaintiffs from maintaining TCPA suits.  Rather,
undersigned counsel asserted that "many district courts **have interpreted Spokeo to mean** that
professional TCPA litigants such as Mr. Bank -- **who suffer no concrete harm** -- lack standing
to bring suit under the TCPA."  (emphasis added).  In other words, the practical effect of many
district courts' interpretations of *Spokeo* is that standing is not automatically conferred by virtue
of a bare TCPA violation and that a "professional TCPA litigant" would therefore lack standing.
As set forth below, in addition to the 3 illustrative cases previously cited by undersigned
counsel,[1] other cases (i.e. "many") can be cited for this same exact proposition.

      Undersigned counsel had a good faith basis and adequate support for the arguments
asserted in the motion for summary judgment (and in response to the pre-motion letter).  As
such, there can be no finding of clear bad faith or of litigation actions undertaken to delay the
litigation.   But, even if plaintiff's allegations in his motion were demonstrably true, which they
are not, these allegations do not implicate Section 1927.  See *Oliveri v. Thompson*, 803 F.2d
1265, 1273 (2nd Cir. 1986) ("When congress amended § 1927 in 1980 to include attorneys' fees
among the category of expenses that a court might require an attorney to satisfy personally, it
made clear that the purpose of the statute was 'to deter unnecessary delays in litigation.'") citing,
H.R. Conf. Rep. No. 1234, 96th Cong., 2d Sess. 8, *reprinted in* 1980 U.S. Code Cong. & Ad.
News 2782.  Lifewatch's standing argument was summarily rejected by this court on the merits,
though the motion was granted, in part, on other grounds.  So, even if *arguendo* plaintiff is

---

[1] *Stoops v. Wells Fargo Bank, N.A*., No. 3:15-83, 2016 U.S. Dist. LEXIS 82380 (W.D. Pa. June 24, 2016); *Romero v. Dep't Stores Nat'l Bank*, 199 F. Supp. 3d 1256 (S.D. Cal. August 5, 2016); and  *ARcare v. Qiagen N. Am. Holdings, Inc.,* 2017 U.S. Dist. LEXIS 8344 (C.D. Cal. Jan. 19, 2017).

correct -- which he is not -- these issues (i.e. the word "many" and whether it should have been pointed out that some of plaintiff's lines were bundled) did not in any way multiply or delay the litigation.

Thus, plaintiff's motion must be denied in its entirety.

II.   **Legal Arguments**

1.   **Section 1927 is Inapplicable**

Section 1927 provides that:  "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  When congress amended § 1927 in 1980 to include attorneys' fees among the category of expenses that a court might require an attorney to satisfy personally, it made clear that the purpose of the statute was "to deter unnecessary delays in litigation." *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2nd Cir. 1986) citing, H.R. Conf. Rep. No. 1234, 96th Cong., 2d Sess. 8, *reprinted in* 1980 U.S. Code Cong. & Ad. News 2782.  In *Bowler v. United States INS*, 901 F. Supp. 597, 605 (SDNY 1995) the court explained that "unlike Fed. R. Civ. P. 11 sanctions which focus on particular papers, the inquiry under 28 U.S.C.S. § 1927 is on *a course of conduct*. Bad faith is the touchstone of an award under this statute.  (emphasis added).  Indeed, in *Unite Here v. Cintas Corp*., 500 F. Supp. 2d 332, 335 (SDNY 2007), the court explained:

> The standard for sanctioning counsel pursuant to Section 1927 is the same
> standard for imposing sanctions pursuant to a court's inherent authority: a finding
> of clear evidence that (1) the offending party's claims were entirely without color,
> and (2) the claims were brought in bad faith -- that is, motivated by improper
> purposes such as harassment or delay. Such sanctions are proper when the
> attorney's actions are so completely without merit as to require the conclusion that
> they must have been undertaken for some improper purpose such as delay.

3

Sanctions under Section 1927 … are not warranted because [defendant] has not pointed to conduct by plaintiffs' counsel that "unreasonably and vexatiously" multiplied the proceedings in this action. The defendant essentially complains that the plaintiff pursued a meritless lawsuit, one that had no "legitimate factual or legal basis for the claim," not that plaintiff's counsel litigated the action in a way that multiplied or delayed the proceedings.  (internal citations and quotations omitted).

The cases cited in plaintiff's moving papers only highlight the inapplicability of Section 1927 to the case at bar.  Specifically, in *60 E. 80th St. Equities, Inc. v. Sapir* (*In re 60 E. 80th St. Equities*), 218 F.3d 109 (2nd Cir. 2000), counsel was sanctioned for a number of abuses (which unquestionably multiplied the litigation) including filing frivolous appeals and accusing the Bankruptcy Court and Trustee on the record of collusion and fraud.  In *Bowler v. United States INS*, 901 F. Supp. 597 (SDNY 1995), counsel was retained in New York after an "alien" was deported in a Louisiana proceeding, and counsel obtained repeated stays of deportation by arguing that the motion to reopen the deportation proceedings was still pending in Louisiana, when counsel knew the motion had been denied. Further, counsel misrepresented that he and the "alien" had not appeared in Louisiana because he had arranged for the hearing to be held by telephone, when in fact no such arrangement had been made.  Further, in *Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 369-370 (EDNY 2013), the court declined to award sanctions under Section 1927 and explained "Mr. Bhukta's actions do not warrant a sanction under either 28 U.S.C. § 1927 or this Court's inherent powers. This Court finds no clear evidence that Mr. Bhukta acted in bad faith in filing the complaint or proceeding with the litigation. The Defendant claims that Mr. Bhukta had knowledge that Mahoney's claims regarding the motorcycle accident were meritless, as the information available in the recall notice is not in accord with Mahoney's account of the incident, particularly the speed at which the motorcycle was traveling. Even if the Defendant is correct in its presumption, this Circuit has explicitly held

4

it improper to determine that a party acted in bad faith if that party filed a meritless claim."   In *Revson v. Cinque & Cinque*, 221 F.3d 71 (2nd Cir. 2000), the Second Circuit reversed an award of sanctions even though counsel was found by the District Court to have engaged in a pattern of abusive tactics that multiplied the proceedings.  And, in *United States v. International Bhd. of Teamsters*, 948 F.2d 1338 (2nd Cir. 1991), the Second Circuit vacated and remanded a sanctions order imposed due to counsel filing a second lawsuit ostensibly in order to circumvent discovery obligations associated with the first case.

Here, plaintiff complains that in arguing a lack of standing in a summary judgment motion, the word "many" was misused and there was an obligation to mention that one of plaintiff's multiple phone lines was bundled.  The standing argument was rejected, though the motion was granted in part on other grounds.  So, even if *arguendo* plaintiff is correct -- which he is not -- these issues did not (and could not) multiply or delay the litigation.  In fact, if anything delayed the litigation, it was plaintiff failing to show up to the motion hearing on June 5, 2017 (See R. Doc. 100).  And, if anything multiplied the litigation, it was plaintiff filing the matter as a putative class action and then proceeding individually (which is plaintiff's modus operandi) and filing another individual action against Lifewatch, et al. at *Bank v Lifewatch 15-cv-05708-CBA-VMS*.  As such, plaintiff's motion must be denied.

**2. <u>Plaintiff Cannot Demonstrate that Counsel's Zealous Advocacy on Behalf of a Client amounted to bad faith, meritlessness, and acting for an improper purpose to delay or multiply the litigation</u>**

Section 1927 authorizes the courts to sanction an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. This Circuit has held that bad faith is necessary to impose sanctions under this rule."  *Mahoney v. Yamaha Motor*

5

*Corp. U.S.A.*, 290 F.R.D. 363, 369 (EDNY 2013) (citations and quotations omitted).  Further, "to impose sanctions under [Section 1927], the trial court must find clear evidence that (1) the offending party's claims were entirely meritless *and* (2) the party acted for improper purposes.'" Id. (citations and quotations omitted).  "The test is conjunctive and neither meritlessness alone nor improper purpose alone will suffice." Id., citing *Sierra Club v. U.S. Army Corps of Engineers,* 776 F.2d 383, 390 (2d Cir. 1985). A court should not deem a party to have acted in bad faith if solely predicated upon that party's filing of a meritless motion. *See Eisemann v. Greene*, 204 F.3d 393 (2d Cir. 2000).  This high burden cannot be met here.

A.  "Many District Courts…"

Here, Plaintiff takes issue with Lifewatch's statement that: "moreover, *many* district courts have interpreted *Spokeo* to mean that professional TCPA litigants such as Mr. Bank -- who suffer no concrete harm -- lack standing to bring suit under the TCPA."  (emphasis added). Plaintiff is apparently arguing that this statement was sanctionably false.

Plaintiff acknowledges that Lifewatch cited *Stoops v. Wells Fargo Bank, N.A*., No. 3:15-83, 2016 U.S. Dist. LEXIS 82380 (W.D. Pa. June 24, 2016) (Holding that because plaintiff files TCPA actions as a business, the allegedly violative calls "did not constitute the nuisance, invasion of privacy, cost, and inconvenience from which Congress intended to protect consumers[.]").  And now,[2] Plaintiff acknowledges that in Lifewatch's reply brief, Lifewatch also cited *Romero v. Dep't Stores Nat'l Bank*, 199 F. Supp. 3d 1256 (S.D. Cal. August 5, 2016), where the court dismissed plaintiff's TCPA claims and explained: "Plaintiff does not offer any evidence demonstrating that Defendants' use of an ATDS to dial her number caused her greater lost time, aggravation, and distress than she would have suffered had the calls she answered been

---

[2] Mr. Bank did not acknowledge this fact in his pre-motion conference letter.

dialed manually, which would not have violated the TCPA. Therefore, Plaintiff did not suffer an injury in fact traceable to Defendants' violation of the TCPA, and lacks standing to make a claim for any violation attributable to the calls she actually answered."  Further, Plaintiff acknowledges that in the pre-motion briefing, Lifewatch cited *ARcare v. Qiagen N. Am. Holdings, Inc.,* 2017 U.S. Dist. LEXIS 8344 *9 (C.D. Cal. Jan. 19, 2017), wherein the court dismissed a TCPA complaint based upon its finding that "plaintiff lacks standing because it has alleged a 'bare procedural violation' which is 'divorced from any concrete harm' caused by [defendant's] alleged violation of the TCPA.

Nevertheless, Plaintiff cites Merriam-Webster.com and complains that the three cited cases are not "many," which per the online dictionary means "consisting of or amounting to a large but indefinite number."  It is troubling that one of the grounds for plaintiff's sanctions motion is allegedly misusing the word "many," which by definition -- and as conceded by plaintiff -- is "indefinite."  Plaintiff also states that *Romero* and *ARcare* "have nothing to do with any notions…about 'professional plaintiffs.'"  It is apparent that Plaintiff is attempting to imbue the statement at issue with a different meaning than the one intended.  Undersigned counsel was not asserting that "many courts" issued holdings that, as a threshold matter, specifically found plaintiffs to be "professional TCPA plaintiffs," and then specifically barred those same "professional TCPA plaintiffs" from maintaining TCPA suits.  Rather, undersigned counsel asserted that "many district courts ***have interpreted Spokeo to mean*** that professional TCPA litigants such as Mr. Bank -- ***who suffer no concrete harm*** -- lack standing to bring suit under the TCPA."  (emphasis added).  In other words, the practical effect of many district courts' interpretations of *Spokeo* is that standing is not automatically conferred by virtue of a TCPA violation and that a "professional TCPA litigant" would lack standing because such litigants

7

have suffered no concrete harm.  Undersigned counsel then explicitly cited *Stoops* because

*Stoops* actually involved a finding that plaintiff was a professional plaintiff -- which is what

defendants were calling plaintiff by virtue of, *inter alia*, his multiple phone lines and 17 *pro se*

plaintiff lawsuits listed on PACER.  Moreover, in addition to the illustrative cases previously

cited by undersigned counsel,[3] other illustrative cases can be cited for this same exact

proposition, i.e. the practical effect of many district courts' interpretations of *Spokeo* is that

standing is not automatically conferred by a TCPA violation and that a "professional TCPA

litigant" thus lacks standing.

For instance, in *Sartin v. EKF Diagnostics, Inc.*, 2016 U.S. Dist. LEXIS 86777 (Eastern

District of Louisiana, July 5, 2016), the court dismissed the TCPA complaint and explained that:

> "Although Dr. Sartin has plausibly alleged that defendants violated the TCPA by sending
> unsolicited fax advertisements, he fails to plead facts demonstrating how this statutory
> violation caused him concrete harm. Dr. Sartin's complaint exhaustively describes the
> requirements of the TCPA, as well as the nature of defendants' alleged "junk fax
> campaign." But the complaint's only reference to any kind of injury appears in a single
> sentence, which states that defendants' failure to comply with the TCPA's requirements
> "caus[ed] Plaintiff and Plaintiff Class to sustain statutory damages, in addition to actual
> damages, including but not limited to those contemplated by Congress and the [Federal
> Communications Commission]."

Further, in *Kostmayer Constr., LLC v. Port Pipe & Tube, Inc.*, 2016 U.S. Dist. LEXIS 145947

(Western District of Louisiana, October 19, 2016), the court dismissed the TCPA complaint and

held: "as explained by the Supreme Court in *Spokeo*, Kostmayer cannot establish standing by

simply alleging a statutory violation.  Kostmayer must allege facts to establish a concrete injury,

and his general reference to damages contemplated by congress is insufficient."  In *Supply Pro*

---

[3] *Stoops v. Wells Fargo Bank, N.A.*, No. 3:15-83, 2016 U.S. Dist. LEXIS 82380 (W.D. Pa. June 24, 2016); *Romero v. Dep't Stores Nat'l Bank*, 199 F. Supp. 3d 1256 (S.D. Cal. August 5, 2016); and *ARcare v. Qiagen N. Am. Holdings, Inc.*, 2017 U.S. Dist. LEXIS 8344 (C.D. Cal. Jan. 19, 2017).

*Sorbents, LLC v. RingCentral, Inc.*, 2016 U.S. Dist. LEXIS 140033, *8-9 (Northern District of California, October 7, 2016), the court dismissed the TCPA complaint because "plaintiff merely identifies its injury as the alleged statutory infraction.  That is insufficient for the purpose of alleging Article III standing."  *See also Zemel v. CSC Holdings LLC,* 2017 U.S. Dist. LEXIS 63398 (District of New Jersey, April 26, 2017) (dismissing plaintiff's TCPA complaint for failure to satisfy Article III requirement); See also, *Tel. Sci. Corp. v. Asset Recovery Solutions, LLC*, 2016 U.S. Dist. LEXIS 104234 (Northern District of Illinois, August 8, 2016) (dismissing the TCPA claims based upon lack of statutory -- as opposed to Article III – standing).

These cases demonstrate that "many district courts" have interpreted *Spokeo* to mean that plaintiffs who allege mere statutory violations without concrete harm lack standing, and that undersigned counsel's representation to that effect was entirely accurate.  Even assuming, *arguendo* that the numerous cases cited above do not meet plaintiff's vague definition of "many," plaintiff has not and cannot show that this representation was made in bad faith or that it caused any delay in the proceedings whatsoever, as required to impose sanctions under § 1927.  Accordingly, plaintiff's argument must be rejected and his motion must denied.

B.  <u>Plaintiff's Phone Lines/Numbers</u>

Plaintiff also asserts that undersigned counsel's statements about plaintiff's telephone numbers were sanctionable because counsel did not inform the court that two of the numbers were bundled (i.e. one number was apparently free) or about when the numbers were set up (apparently 1999, according to Mr. Bank) and thus analogizing *Bank* to *Stoops* for purposes of the standing argument was inappropriate.  This is nonsensical.  Undersigned counsel did not in any way misrepresent the facts in the case *sub judice* or the facts in the *Stoops* case. In the summary judgment motion, assertions about the phone lines were set forth in the "Undisputed Statement of Material Facts."   (R. Doc. 96-6, paragraphs 17-20).  As Lifewatch noted in its reply

9

brief, Mr. Bank did not refute defendants' Statement of Undisputed Material Facts, and so those facts were necessarily admitted under FRCP R. 56(e).  Whether Bank had the phone lines since 1999 and whether one of the phone lines is bundled makes little difference in characterizing plaintiff as a "professional plaintiff."  And if plaintiff thought the attempt to analogize *Bank* to *Stoop*s was not well-founded then plaintiff had the opportunity to say so in opposition to the motion for summary judgment and during oral argument.  Indeed, the standing argument was, in any event, rejected on the merits by the court.  There is no basis to conclude that counsel acted in bad faith by making knowing misrepresentations or that this issue in some way delayed or multiplied the litigation.

### III.    Conclusion

Plaintiff's motion must be denied in its entirety.  And, given that *pro se* plaintiff's motion has been shown to be utterly meritless, to the point of bad faith, the court can and should order *pro se* plaintiff to show cause why his pre-motion letter and motion have not violated Rule 11(b) and why *pro se* plaintiff shouldn't be required to reimburse undersigned counsel for the 25 hours devoted to responding.

DATED: October 26, 2017

THE SULTZER LAW GROUP, P.C.

By: Joseph Lipari /s/_____
        Joseph Lipari, Esq.
        14 Wall Street, 20th Floor
        New York, NY 10005
        (212) 618-1938
        (888) 749-7747

10